AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2019 AUG -1 PM 2: 34

CLERK-LAS CRUCES

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 19MR910
2230 Dona Ana, Lot 23, Las Cruces, NM 88011 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC 922(g)(1) | -Felon in possession of a stolen firearm |
| 26 USC 5861(c) | -Possession of an unregistered firearm in the (NFRTR) |
| 21 USC 841 | -Possession with intent to distribute or dispense a controlled substance |

The application is based on these facts:

See attachment C

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

B. Sterling Nixon, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/1/19

City and state: Las Cruces, NM

Stephen Vidmar, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

The target residence is located at 2230 Dona Ana, Lot 23, NM 88011. The target residence is described as a light blue, singlewide trailer with three steps leading up to a white door. The target residence also has an outlying shed. Any vehicles on the property, to include a Pontiac, Autoplex, bearing license plate ALGR13, and a Nissan Pathfinder.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence of violations of 18 United States Code § 922(g)(1), 18 United States Code § 5861, and 18 United States Code § 922(k), and 21 United States Code § 841:

- Any and all records, photographs, and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 18 United States Code Sections 922(g)(1), and 21 United States Code Section 841.

- Any and all firearms and/or ammunition, and records and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 18 United States Code Sections 922(g)(1).

- All unregistered NFA Weapons to include but not limited to: grenades, destructive devices, silencers, and machine guns. Improvised explosive devices and unassembled components of these devices, to include grenade casts, gun powder, smokeless powder, fuses, photographs of firearms and receipts of the purchase ohese items; other tangible properties as to the purchase, acquisition, ownership, maintenance, sale or transfer of NFA firearms and any other items that constitute contraband; an records and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 26 United States Code Sections 5845, 5861(c), and 5861(d).

- Any and all illicit narcotics as defined under Title 21 United States Code § 841. Any indicia of illicit narcotic distribution to include, but not limited to, scales, baggies, bongs and/or other devices used for drug consumption.

- Indicia of ownership of any and all occupants of the residence.

## ATTACHMENT C - AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Boyd Sterling Nixon, being duly sworn, state as follows under oath:

1. Your Affiant, Boyd Sterling Nixon, is a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 17, 2015. Prior to April, your Affiant worked for approximately four and a half years as an Agent with the United States Border Patrol. Your Affiant maintains a Bachelor's Degree in English from Brigham Young University. As part of training to become an ATF Special Agent, your Affiant attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, your Affiant has been certified as a federal investigator and has received specific training involving violations of federal law. Your Affiant has also received ATF specific training in the determination of probable cause and in the use of warrants and complaints to enforce federal firearms laws. Your Affiant is currently assigned to the Las Cruces, New Mexico Field Office.

2. Your Affiant, being duly sworn, states the following to be true and correct to the best of his knowledge and belief based upon his personal observations and from information provided by knowledgeable law enforcement agents and officers who are involved in the investigation Mark Sanchez. The facts outlined in this narrative are not meant to be a complete narrative of all that has occurred in connection with this investigation, but are only a summary of facts necessary to set forth probable cause in support of the criminal complaint and does not purport to set forth all of the Affiant's knowledge regarding this investigation.

3. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws and know that it is a violation of Title 18 United States Code, Section 922(g)(j), for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm, which has been shipped or transported in interstate commerce, and Title 26 United States Code, § 5861(d) for any person to possess a firearm, as defined in that statute, which is

not registered to him in the National Firearms Registration and Transfer Record (NFRTR), and Title 21 United States Code, § 841(a)(1) for any person to manufacture, distribute, dispense, or possess with intent to Manufacture, distribute, or dispense a controlled substance.

4. On August 1, 2019, Las Cruces Police officer Andrew Tuton initiated a vehicle stop on a GMC, Yukon, bearing the fictitious tag of TX 11G772 after the vehicle failed to turn on their blinker as it made a left had turn.

5. The GMC parked at 201 W. Picacho, Las Cruces, NM. Officer Tuton later identified the driver of the vehicle as being Mark Robert Sanchez. Mr. Sanchez stated that his identification was in a black bag in the front of the vehicle, which he allowed the officer to obtain. Officer Tuton noticed the odor of marijuana emanating from the bag. Mr. Sanchez admitted to having marijuana in the bag. Mr. Sanchez advised that he did not have a medical marijuana card.

6. Mr. Sanchez was then issued a traffic citation for driving with a suspended license and was advised the vehicle would be towed. Mr. Sanchez stated that there was an AR Rifle in the car and gave consent for the officer to retrieve the AR Rifle. When the Officer began to conduct an inventory of the vehicle, prior to it being towed, he found a pistol. This pistol appeared to have the serial number removed, a violation of 18 United States Code 922(k). Mr. Sanchez admitted to knowing the serial number had been removed.

7. Officer Tuton subsequently applied and received a search warrant of the vehicle and the bag inside the vehicle. The search warrant was executed shortly thereafter and several items were found, including but not limited to:

    a. An AR Rifle
    b. A pistol with an obliterated serial number
    c. A substance that had the traits consistent with marijuana in a large baggie.
    d. A substance that had the traits consistent with methamphetamine in a smaller baggie.
    e. Ammunition.
    f. A potential destructive device contained in a can-like cylinder that had a fuse

running from it. The device had coins attached to the cylinder. According to your Affiant's training and experience, attaching coins to a potential destructive device is a way of increasing a devices potential lethality because the coins could potentially become shrapnel upon detonation.

    g. A glass jar of coins.

8. During the interaction, Mr. Sanchez's girlfriend arrived on scene, Maria Ludden in a grey vehicle (believed to be a grey Pontiac, Autoplex, bearing license plate number ALGR13). Mrs. Ludden stated that Mr. Sanchez resides with her at 2230 Dona Ana, Lot 23, Las Cruces, NM 88011. Mrs. Ludden had arrived so that she could pick up Mr. Sanchez.

9. A Federal Bureau Investigation (FBI) Special Agent observed at 2230 Dona Ana, Lot 23, Las Cruces, NM 88011 a Pontiac, Autoplex, bearing license plate ALGR13, and a Nissan Pathfinder.

10. Your Affiant knows from personal experience as a law enforcement officer and an ATF Agent, and in particular, from participation in the execution of search warrants authorizing the seizure of firearms, that those who own and possess firearms and ammunition generally maintain possession of them for long periods of time. Persons who own firearms generally keep them on their persons, in their residence and motor vehicles, or in places where they store their personal property. The reasons owners of firearms generally maintain and preserve them over a long period of time include the facts that firearms are often expensive, there is an administrative delay in buying them (particularly true for convicted felons who must obtain firearms by subterfuge), and do not easily wear out. Firearms are not depleted through use, nor are they exchanged immediately after being obtained. Firearms are like expensive tools, which their owners keep and maintain over long periods of time. The reasons owners of firearms generally maintain firearms and ammunition in or about their home, business or vehicles include the facts that maintenance of them in or about their home, business or vehicle permits easy access to the firearms, and firearms and ammunition must be maintained in an environment where they will be secure from theft, as well as safe from rust and corrosion. In the residence, business, vehicle, and on the person, the firearm is readily available in the event

the need for its use arises.

11. According to your affiant's training and experience, individuals who make destructive devices typically do so at their in the privacy of their residences where they have access to their tools and equipment needed to construct a device. Constructing these type of devices can be time consuming as well as require extensive research so that they are done properly.

12. Your Affiant also knows through personal experience and training that most individuals who purchase or possess firearms and/or destructive devices retain certain documents relating to those purchases, such as sales receipts, factory warranties, and canceled checks, and other miscellaneous documents among their personal property. Your Affiant also knows through experience and training that almost without exception individuals who possess firearms also possess related items such as gun cases, ammunition, gun cleaning supplies and equipment, related to the care and maintenance of the firearms.

13. Based on your affiant's training and experience as an ATF Special Agent, after reviewing the descriptive information of the firearms and ammunition, it is his opinion that the firearms and ammunition respectively, were not manufactured in the State of New Mexico and were received and/or possessed in the State of New Mexico, having traveled in or affected interstate commerce.

14. On August 1, 2019, your Affiant reviewed Mr. Sanchez's criminal history through the National Crime Information Center (NCIC) and discovered numerous felony arrests to include, but not limited to Importation of a Controlled Substance (Disposition according to NCIC 34 months); Burglary (Felony Conviction); Possession of Weapon at School (Conviction); Grand Theft (Conviction); Possession of Narcotic Control Substance.

15. Based upon the above information, your affiant believes that on or about on August 1, 2019, Mark Sanchez, who after having been convicted of a felony, illegally possessed firearms and ammunition that had moved in or affected interstate commerce, in violation of Title 18 U.S.C § 922(g)(1); possessed illicit narcotics, in violation of 21 U.S.C § 841; and possessed a destructive device in violation of 26 U.S.C § 5861. It is your affiant's believe that

ammunition, additional firearms, potential destructive devices, components, and/or tools to make additional destructive devices may be found at the aforementioned residence.

16. This search warrant was reviewed and approved by Assistant United States Attorney Maria Armijo.

_____
B. Sterling Nixon, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Subscribed and sworn to before**

me this ___ day of August, 2019

_____
Stephen Vidmar, United States Magistrate Judge